IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GENESIS SANTIAGO,

    Plaintiff,                                 CIV NO. S-04-2481 WBS GGH

    vs.

JO ANNE B. BARNHART,
Commissioner of
Social Security,                              <u>FINDINGS AND RECOMMENDATIONS</u>

    Defendant.

_____/

        Counsel's motion for attorney's fees, filed May 22, 2006, is pending before the court. Defendant filed an opposition on June 21, 2006, objecting to the reasonableness of the fees requested because the claim of hours expended is excessive. Counsel requests attorney's fees in the amount of $4,508.10, and has filed a reply, claiming justification for the fee request and requesting an additional amount of $638.40 for preparing the reply.

        Attorneys are entitled to fees for cases in which they successfully have represented social security claimants:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled

by reason of such judgment, and the Commissioner of Social
Security may, notwithstanding the provisions of section 405(i) of
this title, certify the amount of such fee for payment to such
attorney out of, and not in addition to, the amount of such past-due
benefits.

42 U.S.C. § 406(b)(1).

Rather than being paid by the government, fees under the Social Security Act are awarded out of the claimant's disability benefits. Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991). The Commissioner has standing to challenge the fee award. Craig v. Secretary, Dept. of Health & Human Serv., 864 F.2d 324, 328 (4th Cir. 1989). The goal is to provide adequate incentive for representing claimants while ensuring that the usually meager disability benefits received are not greatly depleted. Cotter v. Bowen, 879 F.2d 359, 365 (8th Cir. 1989).

The 25 percent statutory maximum fee is not automatic. The court also must ensure that the fee request is reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 807, 122 S. Ct. 1817, 1828 (2002) (reversing downward adjustment of attorney's fees based on lodestar calculation). The Gisbrecht court suggested that the claimant's lawyer should submit a record of hours spent and a statement of the lawyer's normal hourly billing charge to assist the court in concluding that the fee sought is reasonable. Id. The character of the representation (including matters such as attorney caused delay), or the nature of the results achieved might, in a proper case, justify downward adjustment from the statutory maximum fee. Id.

Counsel requests a total fee, including reply, in the amount of $5,146.50. Counsel has submitted declarations from three attorneys and one paralegal documenting 27.2 hours of attorney time at $155.35 to $159.60 per hour, and 2.3 hours of paralegal time at $75 per hour expended on matters before this court. Included in the total amount is $638.40 for four hours in preparing the reply at a rate of $159.60 per hour. The Commissioner objects to work performed by attorney Cerney which is repetitive to work performed by other attorneys and the paralegal, and that attorney hours for work done by paralegal Sousa have been claimed for work not traditionally performed by counsel which should have been performed by support staff.

1  A review of counsel Cerney's declarations and billing tallies indicates of the 1.5
2  hours objected to by the Commissioner as duplicative, 1.1 hours are repetitive of work done by
3  attorney Harrington.  The court accepts Cerney's position that she is obligated to review work
4  done by a paralegal; however, the work done after co-counsel had finalized the same work is
5  redundant.  Therefore, Cerney's hours should be reduced by 1.1 hours.  Attorney Cerney's hours
6  should not be reduced by .6 hour for requesting multiple extensions of time.  This task is one
7  normally carried out in litigation and is compensable.
8  The portion of paralegal Sousa's work which is objected to by the Commissioner
9  is 1.5 hours in "conference with client; preparation of complaint, summons, civil cover sheet,
10 letter to US District Court; diary;" and .5 hour for "service of all defendants."  The
11 Commissioner claims that these tasks are not ones traditionally performed by an attorney.[1]  See
12 Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988) (holding that a prevailing party may recover
13 fees only for work which an attorney traditionally performs); Granville House v. Dep't of Health,
14 Educ. and Welfare, 796 F.2d 1046, 1050 (8th Cir. 1986), vacated on other grounds, 813 F.2d 881
15 (8th Cir. 1987) (holding that an attorney could not recover fees for work which could have been
16 done by support staff).  Having carefully reviewed the pending petition, the court agrees that
17 much of the work performed by Ms. Sousa involved work which could have more appropriately
18 been done by support staff, such as preparing the complaint and other forms, conference with
19 client, and service on defendants.  A review of the complaint indicates that it is less than one and
20 a half pages long, and is boilerplate in style, requiring only the name, address and social security
21 number of the claimant be filled in.  A partial reduction of the paralegal time charged is
22 warranted for this reason.  Accordingly, the hours reflected in Ms. Sousa's declaration should be
23 reduced from 2.3 hours to a total of 1hour.

---

[1] Defendant does not object to the $75 per hour paralegal rate.  See Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988), aff'd, 496 U.S. 154 (1990) (stating that usual billing rates for law clerks and paralegals are appropriate in EAJA case in order to minimize fees where work is of type that would otherwise be performed by an attorney).

1       In sum, plaintiff should be awarded fees for 4.6 hours at a rate of $155.35 per hour for 1.3 hours in 2004, and $159.60 per hour for 3.3 hours in 2005/2006 for attorney Cerney,[2] 19.5 hours at a rate of $159.60 per hour for attorney Harrington, 4.0 hours at a rate of $159.60 per hour for attorney Bohr which includes four hours to research and prepare a reply, and 1.0 hour at a rate of $75 per hour for paralegal Sousa.  This amounts to a fee award of $4235.04, which totals $4873.44 when the counsel's request of $638.40 for preparing a reply to this motion is added.

        Accordingly, IT IS RECOMMENDED that counsel's request for attorney's fees be granted in part and denied in part.  Counsel should be awarded $4873.44 in attorney and paralegal fees.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 11/14/06

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
Santiago2481.fee.wpd

---

[2] The reduction of 1.1 hours for work duplicative of Harrington's work occurred in 2005, thereby reducing Cerney's billing for 2005/2006 from $702.24 to $526.68.