IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GENESIS SANTIAGO,

        Plaintiff,                       CIV NO. S-04-2481 WBS GGH

     vs.

JO ANNE B. BARNHART,
Commissioner of
Social Security,                        FINDINGS AND RECOMMENDATIONS

        Defendant.

_____/

        Before the court is plaintiff's Motion for Attorneys' Fees under the Equal Access to Justice Act (EAJA), filed May 22, 2006. The Commissioner asserts that the amount of fees claimed is not reasonable. Counsel requests attorneys' fees in the amount of $4,508.10, and has filed a reply, claiming justification for the fee request and requesting an additional amount of $638.40 for preparing the reply. In findings and recommendations entered on January 12, 2006, this court recommended granting plaintiff's motion for remand or summary judgment in part, and remanded the matter under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with that order, including direction that the ALJ obtain a more complete record. As explained hereafter, the court will grant plaintiff's motion for attorneys' fees, but only in part.

\\\\\

An applicant for benefits receiving a remand pursuant to sentence four of § 42 U.S.C. S 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits. Schaefer v. Shalala, 509 U.S. 292, 113 S. Ct. 2625, 2631-32 (1993). After Schaefer, pursuant to a sentence four remand, an applicant can recover attorneys' fees incurred in proceedings before the district court. Plaintiff has moved for an award of attorneys' fees in the total amount of $5,146.50. The Commissioner objects to work performed by attorney Cerney which is repetitive to work performed by other attorneys and the paralegal, that attorney hours for work done by paralegal Sousa have been claimed for work not traditionally performed by counsel which should have been performed by support staff, and that the request includes hours for tasks which are inconsistent with plaintiff's interests, such as multiple requests for extensions of time. Plaintiff seeks a cost of living adjustment ("COLA") to the statutory cap on attorneys' fees of $125/hour.

The EAJA provides that the prevailing party in a civil action against the United States may apply for an order for attorney fees and expenses within 30 days of final judgment in the action. "The EAJA was enacted to reduce the chance that 'the expense of litigation involved in securing the vindication of . . . rights' would deter 'defen[se] against unreasonable governmental action.'" Wolverton v. Heckler, 726 F.2d 580, 582 (9th Cir. 1984), quoting H.R.Rep. No. 1418, 96th Cong., 2d Sess. 5, reprinted in 1980 U.S. Cong. & Ad. News 4984. The court must allow the fee award unless it finds that the position of the United States was "substantially justified" or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The Commissioner does not argue that the fees should not be granted because the position of the United States was justified or because other special circumstances make an award unjust. The Commissioner, however, argues that the amount of fees requested is unreasonable because the claim of hours expended is excessive.

\\\\\

The EAJA directs the court to award a reasonable fee.  In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained.  See Commissioner, INS v. Jean, 496 U.S. 154, 110 S.Ct. 2316 (1990); Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir.1998). Taking a reasonable rate and multiplying it by a reasonable amount of expended hours is not the only task left to the district court under the EAJA.  Atkins, 154 F.3d at 989.  The court must also consider the results obtained.  Id.

In considering a reasonable rate for attorneys' fees, an increase in the statutory rate of $125 may be justified to account for inflation.  See Ramon-Sepulveda v. INS, 863 F.2d 1458, 1463- 64 (9th Cir.1988) (adding inflationary adjustment to statutory maximum).  The COLA adjustment to the statutory cap is computed by multiplying the cap by the consumer price index for urban consumers for the year in which the fees were earned, then dividing by the consumer price index figure on the date that the cap was imposed by Congress.  Russell v. Sullivan, 930 F.2d 1443 (9th Cir. 1991).   The national, rather than local change in cost of living, should be applied to adjust the EAJA rate cap because "if Congress had wanted to allow for cost of living adjustments in a particular region or city, it could have done so in the statute."  Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993).  The Commissioner does not object to the hourly rate requested by plaintiff.  Therefore, plaintiff's hourly rate of $155.35[1] per hour for work performed in 2004 and $159.60 per hour for work performed in 2005 and 2006 will be utilized in the calculation.

Counsel requests a total fee, including work done in preparing a reply, in the amount of $5,146.50. Counsel has submitted declarations from three attorneys and one paralegal documenting 27.2 hours of attorney time at $155.35 to $159.60 per hour, and 2.3 hours of

---

[1] Plaintiff has calculated $151.65 as the hourly rate for 2004 based on the annual Consumer Price Index; however, plaintiff has billed at the rate of $155.35 per hour for 2004. The Commissioner does not object.

3

paralegal time at $75 per hour, pursuant to The Equal Access to Justice Act, ("EAJA"), 28 U.S.C. § 2412(d)(1). Included in the total amount is $638.40 for four hours in preparing the reply at a rate of $159.60 per hour.

A review of counsel Cerney's declarations and billing tallies indicates of the 1.5 hours objected to by the Commissioner as duplicative, 1.1 hours are repetitive of work done by attorney Harrington. The court accepts Cerney's position that she is obligated to review work done by a paralegal; however, the work done after co-counsel had finalized the same work is redundant. Therefore, Cerney's hours should be reduced by 1.1 hours. Attorney Cerney's hours should not be reduced by .6 hour for requesting multiple extensions of time. This task is one normally carried out in litigation and is compensable.

The portion of paralegal Sousa's work which is objected to by the Commissioner is 1.5 hours in "conference with client; preparation of complaint, summons, civil cover sheet, letter to US District Court; diary;" and .5 hour for "service of all defendants." The Commissioner claims that these tasks are not ones traditionally performed by an attorney.[2] See Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988) (holding that a prevailing party may recover fees only for work which an attorney traditionally performs); Granville House v. Dep't of Health, Educ. and Welfare, 796 F.2d 1046, 1050 (8th Cir. 1986), vacated on other grounds, 813 F.2d 881 (8th Cir. 1987) (holding that an attorney could not recover fees for work which could have been done by support staff). Having carefully reviewed the pending petition, the court agrees that much of the work performed by Ms. Sousa involved work which could have more appropriately been done by support staff, such as preparing the complaint and other forms, conference with client, and service on defendants. A review of the complaint indicates that it is less than one and a half pages long, and is boilerplate in style, requiring only the name, address and social security

---

[2] Defendant does not object to the $75 per hour paralegal rate. See Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988), aff'd, 496 U.S. 154 (1990) (stating that usual billing rates for law clerks and paralegals are appropriate in EAJA case in order to minimize fees where work is of type that would otherwise be performed by an attorney).

number of the claimant be filled in.  A partial reduction of the paralegal time charged is warranted for this reason.  Accordingly, the hours reflected in Ms. Sousa's declaration should be reduced from 2.3 hours to a total of 1hour.

CONCLUSION

  In sum, plaintiff should be awarded EAJA fees for 4.6 hours at a rate of $155.35 per hour for 1.3 hours in 2004, and $159.60 per hour for 3.3 hours in 2005/2006 for attorney Cerney,[3] 19.5 hours at a rate of $159.60 per hour for attorney Harrington, 4.0 hours at a rate of $159.60 per hour for attorney Bohr which includes four hours to research and prepare a reply, and 1.0 hour at a rate of $75 per hour for paralegal Sousa.  This amounts to a preliminary fee award of $4235.04, which totals $4873.44 when the counsel's request of $638.40 for preparing a reply to this motion is added.

  Accordingly, IT IS RECOMMENDED that plaintiff's request for EAJA fees be granted in part and denied in part.  Plaintiff should be awarded $4873.44 in attorney and paralegal fees.

  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are

\\\\\
\\\\\
\\\\\
\\\\\

---

[3] The reduction of 1.1 hours for work duplicative of Harrington's work occurred in 2005, thereby reducing Cerney's billing for 2005/2006 from $702.24 to $526.68.

5

1  advised that failure to file objections within the specified time may waive the right to appeal the

2  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: 12/1/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
Santiago2481.eaja.wpd